**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERIC F. KRAFFT,<br>    Appellant, | DOCKET NUMBER<br>PH-0432-23-0224-I-1 |
| v. | |
| DEPARTMENT OF<br>    TRANSPORTATION,<br>        Agency. | DATE:  January 22, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Amanda L. E. Smith, Esquire, Buffalo, New York, for the appellant.

Samuel Pinsky and Christopher Jennison, Washington, D.C., for the
agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which
sustained the agency's performance-based removal action.  Generally, we grant
petitions such as this one only in the following circumstances:  the initial decision
contains erroneous findings of material fact; the initial decision is based on an
erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant challenges the administrative judge's conclusion that he was given an adequate opportunity to demonstrate acceptable performance. *E.g.*, Petition for Review (PFR) File, Tab 1 at 10, Tab 4 at 5-6; Initial Appeal File (IAF), Tab 27, Initial Decision (ID) at 10-12. We have considered all the appellant's arguments in this regard; however, we find that they do not compel a different outcome. For example, the appellant asserts that (1) his supervisor did not meet with him in person every week during his opportunity to demonstrate performance (ODP) as planned and (2) the length of his ODP was insufficient given the complexities of his job functions and the identified deficiencies with his performance. PFR File, Tab 1 at 11. We find that the 90-day ODP at issue here, which included approximately 9 in-person meetings, was sufficient. *E.g.*, IAF, Tab 4 at 24, 68-78, 111-15; *see, e.g.*, *Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 101 (1989) (finding that a 30-day performance improvement plan provided the appellant with a reasonable opportunity to demonstrate acceptable performance), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table); *see also Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 20 (2013) (stating that the Board has found that an agency may meet its

obligation to offer assistance by means other than meeting personally with an employee).

The appellant contends that the administrative judge "ignore[d] the fact that the [a]gency took extreme steps to prevent [him] from succeeding in his career," to include removing him while he was actively enrolled in two training courses. PFR File, Tab 1 at 12-13. We find this contention unpersuasive; indeed, the appellant does not identify any evidence in the record requiring the agency to provide him with such training as part of his ODP. *See Macijauskas v. Department of the Army*, 34 M.S.P.R. 564, 569 n.2 (1987) (indicating that there is no law, rule, or regulation that requires an agency to provide an appellant with formal training prior to removal for performance deficiencies), *aff'd*, 847 F.2d 841 (Fed. Cir. 1988) (Table); *see also* 5 C.F.R. § 1201.115(a)(2) (stating that a petitioner who alleges that the administrative judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error). Moreover, the administrative judge's failure to discuss all the evidence in a voluminous record does not mean that he did not consider it in reaching his decision. *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant challenges the administrative judge's conclusion that he did not prove his claim of retaliation for filing a complaint regarding a hostile work environment. PFR File, Tab 1 at 14-17. He asserts that the administrative judge did not adequately consider the temporal nexus between his August 2022 complaint and his February 2023 proposed removal and March 2023 removal, as well as the fact that the proposing official was "an influential party." *Id.* at 15; IAF, Tab 4 at 13-14, 21. He also avers that the administrative judge inaccurately believed that the deciding official was unaware of his complaint. PFR File, Tab 1 at 15. We find these arguments unpersuasive. Here, the administrative judge acknowledged that the agency had proposed the appellant's removal 6 months

after the appellant had reported a hostile work environment; however, he implicitly found that it did not compel a different outcome. ID at 15-16. In any event, the administrative judge's failure to explicitly discuss certain record evidence does not mean that he did not consider it reaching his decision. *See Marques*, 22 M.S.P.R. at 132. We find that the deciding official's apparent awareness of the appellant's complaint does not provide a basis to disturb the administrative judge's finding that the appellant's retaliation claim amounted to unsubstantiated allegations and speculation.[2] ID at 16. Moreover, the record evidence indicated that the agency had identified performance issues with the appellant prior to August 2022. PFR File, Tab 1 at 15; *e.g.*, IAF, Tab 4 at 113.

The appellant challenges the administrative judge's conclusion that he failed to prove his claim of failure to accommodate disability discrimination. PFR File, Tab 1 at 17-18. He asserts, among other things, that he has documented service-connected disabilities and that he requested reasonable accommodation. *Id.* However, a service-connected disability is not the same as a disability for purposes of 29 C.F.R. § 1630.2(g). IAF, Tab 4 at 13; *see* 38 C.F.R. § 4.1 (explaining that the "[service-connected disability] percentage ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and their residual conditions in civil occupations"); *see also* 74 Fed. Reg. 48431, 48448 (2009) ("The fact that an individual has a record of being a disabled veteran . . . does not guarantee that the individual will satisfy the definition of 'disability' under part 1630."). In any event, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to show that he is a qualified individual with a disability;

---

[2] The initial decision referenced both the "motivating factor" standard set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30, which applies to claims of retaliation for opposing discrimination in violation of Title VII, and the "genuine nexus" standard set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986), *superseded in part by statute as stated in Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 15 (2015). ID at 13-16. We find that the appellant did not meet his burden of proof under either standard.

thus, the appellant's assertions do not compel a different outcome. ID at 18-19; *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28 (explaining that a claim of disability discrimination based on an agency's failure to reasonably accommodate that disability requires that the individual be a qualified individual with a disability).

We have considered all the appellant's remaining arguments on review, including his assertions regarding his claim of discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335); however, we agree with the administrative judge's conclusion that the appellant did not present evidence to support his USERRA-based affirmative defense. PFR File, Tab 1 at 18-20; ID at 23; *see Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (recognizing that a petitioner's mere disagreement with issues already properly resolved by the administrative judge does not establish a basis for review).

Accordingly, we affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.